

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------
LAURA BRODERICK,

                              Plaintiff,

            -against-

THE RESEARCH FOUNDATION OF
STATE UNIVERSITY OF NEW YORK

                              Defendant.
---------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   AUG 05 2010   ★

LONG ISLAND OFFICE

**COMPLAINT**

TRIAL BY JURY
DEMANDED

SEYBERT, J.

BOYLE, M.

Plaintiff, LAURA BRODERICK, respectfully alleges as follows:

### NATURE OF THE ACTION

1.      This action is commenced for the purpose of seeking redress (1) for the harm done to plaintiff as a result of the defendant's actions in discriminating against her on the basis of her disability, in violation of Title I and Title II of the ADA, as amended, 42 U.S.C. § 12101, et. seq., as well as the Rehabilitation Act, 29 U.S.C. § 701, et. seq., and the New York Human Rights Law, New York Executive Law §§ 290, et. seq.; and (2) for harm done to plaintiff as a result of the defendant's actions in violating her civil and state and federal constitutional rights, in violation of New York Civil Rights Law § 40-c, Article 1, § 11 of the New York State Constitution and 29 U.S.C. § 1983. This action seeks, in addition to all relief otherwise provided for by law; punitive damages.

### JURISDICTION AND VENUE

2.      This court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a) (4), and 42 U.S.C. § 2000e-5.

3.      This court has supplemental jurisdiction over the non-federal claims pursuant to

28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), because defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK resides in this district and a substantial part of the events and/or omissions giving rise to this claim occurred in this district.

5. On or about April 16, 2010, plaintiff, LAURA BRODERICK file a Verified Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter, "EEOC") alleging employment discrimination by the named defendant herein, on the basis of disability and for retaliation, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq., (hereinafter, the "ADA"). Upon information and belief and in accordance with EEOC procedures, a copy of the Charge was mailed to the New York State Division of Human Rights.

6. Upon information and belief, other than maintaining the mailed copy of the Charge in its records, the New York State Division of Human Rights has taken no action of any kind with regard to either the Charge or the matters alleged therein, including, but not limited to, assigning the matter a case number.

7. On August 4, 2010, the United States Department of Justice, by letter of Karen L. Ferguson, Supervisory Civil Rights Analyst, Employment Litigation Section, to Ms. Laura Broderick, c/o Wayne J. Schaefer, Esquire, issued a Notice-Of-Right-To-Sue letter with regard to the charges alleges in the Charge.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff, LAURA BRODERICK (hereinafter referred to as "plaintiff") is female and a resident of the County of Suffolk and State of New York.

9.      Defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, here in after, referred to as "the foundation," is a not-for-profit education corporation chartered by the New York State Board of Regents, which maintains an office for the transaction of business at Building 390, Administrative Building Stony Brook, New York 11794-0751.

10.     On March 23, 2009 the plaintiff became employed by The Foundation. Plaintiff was hired as a Nurse Manager and assigned to work at the Foundation's vascular and plastic surgery clinic located at the State University of New York at Stony Brook; at an annual salary of approximately $73,000.00.

11.     On or about May 18, 2009, plaintiff, while in the course of her employment, missed a step while descending a step stool and struck her left hip on a counter, resulting in an injury to her left hip and lower back. Plaintiff continued to work and eventually sought treatment with her personal physician.

12.     On or about July 31, 2009, plaintiff reaggrevated her injury. On August 2, 2009, plaintiff advised the Foundation that she was temporarily disabled from working. On August 5, 2009, plaintiff was treated by Dr. Al Rielly, M.D. At the August 5th appointment, Dr. Rielly provided plaintiff with a signed note, which plaintiff hand-delivered to the Foundation, indicating that plaintiff had been under his care for a musculoskeletal injury and that she should be excused from work for the (work) week of August 3rd through 7th.

13.     In addition, upon information and belief, Dr. Rielly thereafter contacted the Foundation for the purpose of requesting, on her behalf, a reasonable accommodation of her disability; i.e., that she be permitted to work a medically restricted or, "light duty" assignment. The above notwithstanding, and despite being provided with medical records indicating that plaintiff was

disabled from performing her regular job duties, in the time between plaintiff party's office visit of August 5, 2009 and August 7, 2009, the plaintiff was advised by the Foundation that her request for such an accommodation was denied. Plaintiff was also advised that as a result of her inability to return to a full duty assignment, she was going to be placed on a leave without pay status and, further, that she would be required to provide an updated report regarding her medical status as soon as possible.

14. On August 10, 2009, plaintiff received a telephone call from Kathy Volpe, Office Manager for the Surgery Department in the Research Department of the Foundation pursuant to which plaintiff was again told that she was required to produce a doctor's report regarding her medical status as soon a possible. In response, plaintiff advised Ms. Volpe that she would be undergoing a physical therapy evaluation and would thereafter, provide the Foundation with additional information,

15. On August 11, 2009, plaintiff advised Lori Gynzio, Assistant Nurse Manager for the Foundation that she was returning to her physical therapist on Wednesday (August 12th) to complete the evaluation.

16. On August 13, 2009, plaintiff had a telephone conversation with Kathy Volpe during which Ms. Volpe accused plaintiff of failing to respond to numerous telephone messages seeking updated information regarding her medical status. Plaintiff responded that no messages demanding additional information had been received. Later on the 13th, plaintiff called Ms. Volpe back and advised her that she had tried to get an updated report from Dr. Reilly and would try again the next day; Friday, August 14th.

17. On August 14th, plaintiff attempted to contact Dr. Rielly by having him paged through



the hospital system where he was working, but was unsuccessful. Later that day, plaintiff left a message with Ms. Volpe indicating that she had not been able to contact Dr. Rielly but would try again on Monday, August 17th.

18.     On August 17th, plaintiff party, after attempting, unsuccessfully, to contact Dr. Rielly by telephone, drove to his office and advised his staff that if Dr. Rielly did not provide her with an updated report, she, in all likelihood, would lose her job.  When again, plaintiff failed to hear from Dr. Rielly, she again telephoned Ms. Volpe and left a message advising her of her attempts to comply with the Foundation's request for updated information.

19.     The next day, August 18th, Dr. Rielly's office contacted plaintiff and advised her that the doctor would be available to meet with her the next day; August 19th.  Later on the 18th, plaintiff left a message with Cory Robino of the Foundation's Human Resources Department and advised that she would be seeing her doctor the next day and would be faxing over an updated report.

20.     On Wednesday, August 19th, plaintiff was seen by Dr. Rielly who advised her that based on his medical condition, she would be unable to return to work until at least September 3rd. Dr. Rielly provided plaintiff with a letter to that effect which she then faxed, that same day, to Ms. Volpe and to Cory Robino. Ms. Robino then contacted the plaintiff and requested that Dr. Rielly revise the letter to provide certain additional information. Dr. Rielly complied with this request and a revised letter was faxed to Ms. Robino. In his letter, Dr. Rielly noted that as a result of plaintiff party's injury, and in view of the Foundation's refusal to accommodate the plaintiff by making a medically restricted assignment available, he was recommending that she be removed from duty as of August 10th to allow her injury to improve. He further indicated that plaintiff had been referred for physical therapy treatments and that she would be evaluated on September 3, 2009.

21.    On August 20th, plaintiff received a letter in the mail, dated August 19, 2009 from Joan Kavanaugh, Assistant Administrator, Department of Surgery for the Foundation to plaintiff advising her that her employment was to be terminated, effective as of the close of business on August 19, 2009. The reasons cited by the Foundation in support of this action were plaintiff party's purported "unauthorized leave and failure to comply with the Research Foundation's Leave Policy."

22.    On August 20, 2009, plaintiff spoke with Cory Robino who did not deny receiving Dr. Rielly's letter on the 19th. Ms. Robino eventually transferred plaintiff's call to "Randi" of the Foundation's Labor Relations Department. "Randi" cited two specific justifications for the termination; the period of time it took before Dr. Rielly's letter of August 19th was received and plaintiff's purported failure to keep in touch with the Foundation. When plaintiff vigorously disputed the merit of these contentions, "Randi" said she would look into the matter and get back to her.

23.    On August 21, 2009, "Randi" spoke with the plaintiff who advised her that the termination would not be rescinded.

24.    At all times herein mentioned, plaintiff was a "qualified individual" with a disability, within the meaning of the ADA who, with or without reasonable accommodation, could perform the essential functions of her position.

25.    At all times herein mentioned, plaintiff was "disabled" within the meaning of the ADA in that she had or has (1) a physical or mental impairment that substantially limits on or more major life activities (e.g., breathing, seeing, hearing, caring for self, walking; (2) had a record of such impairment; or (3) was regarded as having such an impairment.

26.    On information and belief, at all times hereinafter mentioned, defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, has been a recipient of

federal assistance.

27.     Throughout her employment with the Foundation, Ms. Broderick was an exemplary employee and consistently performed at a level which exceeded the minimal qualifications of her position.

## AS AND FOR A FIRST CLAIM FOR WHICH RELIEF CAN BE GRANTED

28.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as though fully set forth herein.

29.     By refusing to grant plaintiff's request for a reasonable accommodation of her disability, i.e., that she be permitted to work a medically restricted or, "light duty" assignment, defendant discriminated against plaintiff on the basis of a disability, in violation of Title I and Title II of the ADA, as amended, 42 U.S.C. § 12101, et. seq., as well as the Rehabilitation Act, 29 U.S.C. § 701, et. seq.

30.     As a proximate result of defendant' actions, plaintiff has suffered and continues to suffer from substantial loss of past and future earnings, bonuses, and other employment benefits.

31.     By engaging in the above actions, defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of plaintiff as an aggrieved individual.

32.     As a proximate result of defendant' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and mental anguish and injury, economic hardship, lost wages and benefits and other incidental and consequential damages and expenses, all to plaintiff's damage, in an amount to be determined at trial.

33.     By engaging in the above actions, defendant, THE RESEARCH FOUNDATION OF

STATE UNIVERSITY OF NEW YORK discriminated against plaintiff on the basis of her disability in violation of Title I and Title II of the ADA, as well as the Rehabilitation Act, 29 U.S.C. § 701, et. seq., for which plaintiff is entitled to an award of Fifty Million ($50,000,000.00) Dollars for compensatory damages and Fifty Million ($50,000,000.00) Dollars punitive damages; as well as an award of attorneys' fees incurred in the prosecution of her claim as well as an order that the defendant be permanently enjoined from discriminating against plaintiff in any manner prohibited by Title I and Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et. seq. and that the defendant be ordered to hire plaintiff into a position identical to or substantially similar to the one she occupied prior to the termination of her employment, with backpay, frontpay, full salary, seniority, and benefits, retroactive to the denial of her request for a reasonable accommodation.

## AS AND FOR A SECOND CLAIM FOR WHICH RELIEF CAN BE GRANTED

34.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as though fully set forth herein.

35.     By refusing to afford plaintiff a reasonable period of time to provide it with additional medical evidence verifying that she was disabled from working, defendant failed and refused to provide plaintiff party with a reasonable accommodation of her disability and, thus, discriminated against plaintiff party on the basis of a disability, in violation of Title I and Title II of the ADA, as well as the Rehabilitation Act, 29 U.S.C. § 701, et. seq.

36.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer from substantial loss of past and future earnings, bonuses, and other employment benefits.

37.     By engaging in the above actions, defendant engaged in intentional discrimination and

did so with malice or reckless indifference to the federally protected rights of plaintiff as an aggrieved individual.

38.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and mental anguish and injury, economic hardship, lost wages and benefits and other incidental and consequential damages and expenses, all to plaintiff's damage, in an amount to be determined at trial.

39.     By engaging in the above actions, defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK discriminated against plaintiff on the basis of her disability in violation of Title I and Title II of the ADA, as well as the Rehabilitation Act, 29 U.S.C. § 701, et. seq., for which plaintiff is entitled to an award of Fifty Million ($50,000,000.00) Dollars for compensatory damages and Fifty Million ($50,000,000.00) Dollars punitive damages; as well as an award of attorneys' fees incurred in the prosecution of her claim as well as an order that the defendant be permanently enjoined from discriminating against plaintiff in any manner prohibited by Title I and Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et. seq. and that the defendant be ordered to hire plaintiff into a position identical to or substantially similar to the one she occupied prior to the termination of her employment, with backpay, frontpay, full salary, seniority, and benefits, retroactive to the denial of her request for a reasonable accommodation.

### AS AND FOR A THIRD CLAIM FOR WHICH RELIEF CAN BE GRANTED

40.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as though fully set forth herein.

41.     By refusing to grant plaintiff's request for a reasonable accommodation of her

disability, i.e., that she be permitted to work a medically restricted or, "light duty" assignment, defendant retaliated against plaintiff party for exercising her rights to request and receive a reasonable accommodation of her disability and her right to employment free from discrimination based on disability and further retaliated against plaintiff for complaining of disability based discrimination and for exercising rights guaranteed to her under Title I and Title II of the ADA, as well as the Rehabilitation Act, 29 U.S.C. § 701, et. seq.

42.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer from substantial loss of past and future earnings, bonuses, and other employment benefits.

43.     By engaging in the above actions, defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of plaintiff as an aggrieved individual.

44.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and mental anguish and injury, economic hardship, lost wages and benefits and other incidental and consequential damages and expenses, all to plaintiff's damage, in an amount to be determined at trial.

45.     By engaging in the above actions, defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK discriminated against plaintiff on the basis of her disability in violation of Title I and Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et. seq., for which plaintiff is entitled to an award of Fifty Million ($50,000,000.00) Dollars for compensatory damages and Fifty Million ($50,000,000.00) Dollars punitive damages; as well as an award of attorneys' fees incurred in the prosecution of her claim as well as an order that the defendant be permanently enjoined from discriminating against plaintiff in any manner prohibited by

Title I and Title II of the ADA, as well as the Rehabilitation Act, 29 U.S.C. § 701, et. seq., and that the defendant be ordered to hire plaintiff into a position identical to or substantially similar to the one she occupied prior to the termination of her employment, with backpay, frontpay, full salary, seniority, and benefits, retroactive to the denial of her request for a reasonable accommodation.

## AS AND FOR A FOURTH CLAIM FOR WHICH RELIEF CAN BE GRANTED

46.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as though fully set forth herein.

47.     By refusing to grant plaintiff's request for a reasonable accommodation of her disability, i.e., that she be permitted to work a medically restricted or, "light duty" assignment, defendant discriminated against plaintiff on the basis of a disability, in violation of New York Executive Law § 296 (1) (a).

48.     As a proximate result of defendant' actions, plaintiff has suffered and continues to suffer from substantial loss of past and future earnings, bonuses, and other employment benefits.

49.     By engaging in the above actions, defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of plaintiff as an aggrieved individual.

50.     As a proximate result of defendant' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and mental anguish and injury, economic hardship, lost wages and benefits and other incidental and consequential damages and expenses, all to plaintiff's damage, in an amount to be determined at trial.

51.     By engaging in the above actions, defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK discriminated against plaintiff on the basis of her disability

in violation of New York Executive Law § 296 (1) (a), for which plaintiff is entitled to an award of Fifty Million ($50,000,000.00) Dollars for compensatory damages and Fifty Million ($50,000,000.00) Dollars punitive damages; as well as an award of attorneys' fees incurred in the prosecution of her claim as well as an order that the defendant be permanently enjoined from discriminating against plaintiff in any manner prohibited by New York Executive Law § 296 (1) (a) and that the defendant be ordered to hire plaintiff into a position identical to or substantially similar to the one she occupied prior to the termination of her employment, with backpay, frontpay, full salary, seniority, and benefits, retroactive to the denial of her request for a reasonable accommodation.

### AS AND FOR A FIFTH CLAIM FOR WHICH RELIEF CAN BE GRANTED

52.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "51" with the same force and effect as though fully set forth herein.

53.     By refusing to afford plaintiff a reasonable period of time to provide it with additional medical evidence verifying that she was disabled from working, defendant failed and refused to provide plaintiff party with a reasonable accommodation of her disability and, thus, discriminated against plaintiff party on the basis of a disability, in violation of New York Executive Law § 296 (1) (a).

54.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer from substantial loss of past and future earnings, bonuses, and other employment benefits.

55.     By engaging in the above actions, defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of plaintiff as an aggrieved individual.

56.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and mental anguish and injury, economic hardship, lost wages and benefits and other incidental and consequential damages and expenses, all to plaintiff's damage, in an amount to be determined at trial.

57.     By engaging in the above actions, defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK discriminated against plaintiff on the basis of her disability in violation of New York Executive Law § 296 (1) (a), for which plaintiff is entitled to an award of Fifty Million ($50,000,000.00) Dollars for compensatory damages and Fifty Million ($50,000,000.00) Dollars punitive damages; as well as an award of attorneys' fees incurred in the prosecution of her claim as well as an order that the defendant be permanently enjoined from discriminating against plaintiff in any manner prohibited by Title I and Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et. seq. and that the defendant be ordered to hire plaintiff into a position identical to or substantially similar to the one she occupied prior to the termination of her employment, with backpay, frontpay, full salary, seniority, and benefits, retroactive to the denial of her request for a reasonable accommodation.

## AS AND FOR A SIXTH CLAIM FOR WHICH RELIEF CAN BE GRANTED

58.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "57" with the same force and effect as though fully set forth herein.

59.     By refusing to grant plaintiff's request for a reasonable accommodation of her disability, i.e., that she be permitted to work a medically restricted or, "light duty" assignment, defendant retaliated against plaintiff party for exercising her rights to request and receive a reasonable accommodation of her disability and her right to employment free from discrimination

based on disability and further retaliated against plaintiff for complaining of disability based discrimination and for exercising rights guaranteed to her under New York Executive Law § 296 (1) (a).

60.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer from substantial loss of past and future earnings, bonuses, and other employment benefits.

61.     By engaging in the above actions, defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of plaintiff as an aggrieved individual.

62.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and mental anguish and injury, economic hardship, lost wages and benefits and other incidental and consequential damages and expenses, all to plaintiff's damage, in an amount to be determined at trial.

63.     By engaging in the above actions, defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK discriminated against plaintiff on the basis of her disability in violation of New York Executive Law § 296 (1) (e), for which plaintiff is entitled to an award of Fifty Million ($50,000,000.00) Dollars for compensatory damages and Fifty Million ($50,000,000.00) Dollars punitive damages; as well as an award of attorneys' fees incurred in the prosecution of her claim as well as an order that the defendant be permanently enjoined from discriminating against plaintiff in any manner prohibited by Title I and Title II of the ADA, as well as the Rehabilitation Act, 29 U.S.C. § 701, et. seq., and that the defendant be ordered to hire plaintiff into a position identical to or substantially similar to the one she occupied prior to the termination of her employment, with backpay, frontpay, full salary, seniority, and benefits, retroactive to the denial

of her request for a reasonable accommodation.

### AS AND FOR A SEVENTH CLAIM FOR WHICH RELIEF CAN BE GRANTED

64.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "63" with the same force and effect as though fully set forth herein.

65.     By engaging in the acts set forth above, violating plaintiff's right to be free from discrimination with respect to her compensation, terms, conditions or privileges of employment because of her disability, in accordance with Title I and Title II of the ADA, the Rehabilitation Act, 29 U.S.C. § 701, et. seq., and New York Executive Law § 296 (1) (a), defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, through its agents and employees, while acting under color of state law, in their official capacity and pursuant to their assigned duties as employees of said defendant, violated plaintiff's right to Equal Protection of the laws as guaranteed by the Article 1, § 11 of the New York State Constitution and her right to not to be subjected to discrimination on the basis of disability in the exercise of her civil rights, in violation of New York Civil Rights Law § 40-c, for which they are liable to plaintiff.

66.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer from substantial loss of past and future earnings, bonuses, and other employment benefits.

67.     By engaging in the above actions, defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, through their agents and employees, violated New York Civil Rights Law § 40-c, for which it is liable to a penalty of not less than one hundred dollars nor more than five hundred dollars.

68.     Notice of this action was or will have been served upon the attorney general of the

state of New York at or before the commencement of this action.

### AS AND FOR A EIGHTH CLAIM FOR WHICH RELIEF CAN BE GRANTED

69.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "68" with the same force and effect as though fully set forth herein.

70.     By engaging in the acts set forth above, violating plaintiff's right to be free from discrimination with respect to her compensation, terms, conditions or privileges of employment because of her disability, in accordance with Title I and Title II of the ADA, the Rehabilitation Act, 29 U.S.C. § 701, et. seq., New York Civil Rights Law § 40-c, and New York Executive Law § 296 (1) (a), defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, through its agents and employees, while acting under color of state law, in their official capacity and pursuant to their assigned duties as employees of said defendant, violated plaintiff's right to Equal Protection of the laws as guaranteed by the Article 1, § 11 of the New York State Constitution, for which they are liable to plaintiff.

71.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer from substantial loss of past and future earnings, bonuses, and other employment benefits.

72.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and mental anguish and injury, economic hardship, lost wages and benefits and other incidental and consequential damages and expenses, all to plaintiff's damage, in an amount to be determined at trial.

73.     By engaging in the above actions, defendant violated plaintiff's right to Equal Protection of the laws as guaranteed by the Article 1, § 11 of the New York State Constitution, for which plaintiff is entitled to an award of Fifty Million ($50,000,000.00) Dollars for compensatory

damages and Fifty Million ($50,000,000.00) Dollars punitive damages; as well as an award of attorneys' fees incurred in the prosecution of her claim.

## AS AND FOR A NINTH CLAIM FOR WHICH RELIEF CAN BE GRANTED

74.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "73" with the same force and effect as though fully set forth herein.

75.     By engaging in the acts set forth above, violating plaintiff's right to be free from discrimination with respect to her compensation, terms, conditions or privileges of employment because of her disability, in accordance with Title I and Title II of the ADA, the Rehabilitation Act, 29 U.S.C. § 701, et. seq., New York Civil Rights Law § 40-c, and New York Executive Law § 296 (1) (a), defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, through its agents and employees, while acting under color of state law, in their official capacity and pursuant to their assigned duties as employees of said defendant, violated plaintiff's right to Equal Protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution for which they are liable to plaintiff pursuant to 42 U.S.C. § 1983.

76.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer from substantial loss of past and future earnings, bonuses, and other employment benefits.

77.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and mental anguish and injury, economic hardship, lost wages and benefits and other incidental and consequential damages and expenses, all to plaintiff's damage, in an amount to be determined at trial.

78.     By engaging in the above actions, defendant violated plaintiff's right to Equal Protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution

for which it is liable to plaintiff pursuant to 42 U.S.C. § 1983, for which plaintiff is entitled to an award of Fifty Million ($50,000,000.00) Dollars for compensatory damages and Fifty Million ($50,000,000.00) Dollars punitive damages; as well as an award of attorneys' fees incurred in the prosecution of her claim.

**AS AND FOR A TENTH CLAIM FOR WHICH RELIEF CAN BE GRANTED**

79.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "78" with the same force and effect as though fully set forth herein.

80.     At all times relevant herein, defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK's agents and employees acted within the scope of their authority as employees of defendant; while engaged in the performance of their duties and while acting in furtherance of the business of defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK.

81.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer from substantial loss of past and future earnings, bonuses, and other employment benefits.

82.     As a proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and mental anguish and injury, economic hardship, lost wages and benefits and other incidental and consequential damages and expenses, all to plaintiff's damage, in an amount to be determined at trial.

83.     As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with the defendant, denial of promotions and, ultimately, the termination of her employment and has also suffered

embarrassment, humiliation and mental and emotional distress as a consequence of the actions of defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK's agents and employees, for which defendant are liable to plaintiff.

84.     Because the actions of defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK 's agents and employees were undertaken within the scope of their authority as an employee of defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK; defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK is vicariously liable for the actions of their agents and employees for which plaintiff is entitled to an award of Fifty Million ($50,000,000.00) Dollars for compensatory damages and Fifty Million ($50,000,000.00) Dollars punitive damages; as well as an award of attorneys' fees incurred in the prosecution of her claim.

85.     Plaintiff, LAURA BRODERICK hereby demands costs and attorney's fees.

**WHEREFORE**, plaintiff, LAURA BRODERICK , demands judgment as follows:

A. On the First Cause of Action, against defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, in the amount of Fifty Million ($50,000,000.00) Dollars in compensatory damages and Fifty Million ($50,000,000.00) Dollars in punitive damages and for reasonable attorney's fees and injunctive relief as specifically prayed for at paragraphs "K" and "L", below;

B. On the Second Cause of Action, against defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, in the amount of Fifty Million ($50,000,000.00) Dollars in compensatory damages and Fifty Million ($50,000,000.00) Dollars in punitive damages and for reasonable attorney's fees and injunctive relief as specifically prayed for at paragraphs "K" and "L", below;

C. On the Third Cause of Action, against defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, in the amount of Fifty Million ($50,000,000.00) Dollars in compensatory damages and Fifty Million ($50,000,000.00) Dollars in punitive damages and for reasonable attorney's fees and injunctive relief as specifically prayed for at paragraphs "K" and "L", below;

D. On the Fourth Cause of Action, against defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, in the amount of Fifty Million ($50,000,000.00) Dollars in compensatory damages and Fifty Million ($50,000,000.00) Dollars in punitive damages and for reasonable attorney's fees and injunctive relief as specifically prayed for at paragraphs "K" and "L", below;

E. On the Fifth Cause of Action, against defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, in the amount of Fifty Million ($50,000,000.00) Dollars in compensatory damages and Fifty Million ($50,000,000.00) Dollars in punitive damages and for reasonable attorney's fees and injunctive relief as specifically prayed for at paragraphs "K" and "L", below;

F. On the Sixth Cause of Action, against defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, in the amount of Fifty Million ($50,000,000.00) Dollars in compensatory damages and Fifty Million ($50,000,000.00) Dollars in punitive damages and for reasonable attorney's fees and injunctive relief as specifically prayed for at paragraphs "K" and "L", below;

G. On the Seventh Cause of Action, against defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, in the amount of Five Hundred ($500.00) Dollars as and for a penalty for being in violation of New York Civil Rights Law § 40-c;

H. On the Eighth Cause of Action, against defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, in the amount of Fifty Million ($50,000,000.00) Dollars in compensatory damages and Fifty Million ($50,000,000.00) Dollars in punitive damages and for reasonable attorney's fees and injunctive relief as specifically prayed for at paragraphs "K" and "L", below;

I. On the Ninth Cause of Action, against defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, in the amount of Fifty Million ($50,000,000.00) Dollars in compensatory damages and Fifty Million ($50,000,000.00) Dollars in punitive damages and for reasonable attorney's fees and injunctive relief as specifically prayed for at paragraphs "K" and "L", below;

J. On the Tenth Cause of Action, against defendant, THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, in the amount of Fifty Million ($50,000,000.00) Dollars in compensatory damages and Fifty Million ($50,000,000.00) Dollars in punitive damages and for reasonable attorney's fees and injunctive relief as specifically prayed for at paragraphs "K" and "L", below;

K. That defendant be permanently enjoined from discriminating against plaintiff in any manner prohibited by New York Executive Law § 296 (1) (a).

L. That the defendant be ordered to hire plaintiff into a position identical to or substantially

similar to the one she occupied prior to the termination of her employment, with full salary, seniority, and benefits, retroactive to the constructive termination of her employment.

M.  That the defendant be ordered to compensate, reimburse and make whole the plaintiff for the entire benefits plaintiff would have received but for the discriminatory acts of the defendant, including but not limited to back pay, benefits, training, promotions, front pay and seniority. That said award include, at a minimum, damages equal to the per diem pay (subject to any intervening increases in plaintiff's salary grade) plaintiff would have earned, to date, but for the acts of the defendant complained of, as well as front pay for a period of time sufficient to enable plaintiff to secure employment at a rate of compensation equal to that which she would have been earning pursuant to her employment with the defendant but for the acts of the defendant complained of.

N.  That the defendant be ordered to compensate, reimburse and make whole the plaintiff for retirement benefits plaintiff she would have received but for the acts of the defendant complained of.

O.  That the defendant be ordered to pay to plaintiff the above damages and penalties recited herein; together with compensatory damages for the pain, suffering, humiliation, and emotional and physical distress caused by defendant' unlawful treatment, in the amount of Fifty Million Five Hundred ($50,000,500.00) dollars.

M.  That the defendant be ordered to pay to plaintiff punitive damages in the amount of Fifty Million ($50,000,000.00) dollars, to punish defendant for its willful and malicious misconduct and as may be deemed by the court to be necessary to deter defendant from engaging in such misconduct in the future.

P.  For such additional, equitable and legal relief as the court may deem just and proper.

O.  For the costs and expenses of this action; and

P.  For reasonable attorney's fees in the amount of One Million ($1,000,000.00) dollars.

Dated: Smithtown, New York
       August 5, 2010

                                    Yours, etc.

                                    LAW OFFICES OF WAYNE J. SCHAEFER, LLC


                                    _____
                                    Wayne J. Schaefer (WS1129),
                                        as Member
                                    *Attorneys for Plaintiff, LAURA BRODERICK*

199 East Main Street, Suite 4
Smithtown, New York 11787
Tel. (631) 382-4800