UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
LAURA BRODERICK,

                    Plaintiff,          MEMORANDUM & ORDER
                                        10-CV-3612(JS)(ETB)

        -against-

THE RESEARCH FOUNDATION OF
STATE UNIVERSITY OF NEW YORK,

                    Defendant.
----------------------------------x
APPEARANCES:
For Plaintiffs:    Wayne J. Schaefer, Esq.
                   Law Offices of Wayne J. Schaefer, LLC
                   199 East Main Street, Suite 4
                   Smithtown, NY 11787

For Defendants:    No appearances.

SEYBERT, District Judge,

        On August 5, 2010, Plaintiff Laura Broderick filed

suit, alleging disability discrimination, failure to make

reasonable accommodation, and retaliation under the Americans

With Disabilities Act ("ADA"), the Rehabilitation Act, the New

York State Human Rights Law ("NYSHRL"), the New York Civil

Rights Law ("NYCRL"), and denial of equal protection under the

New York and United States Constitutions.  The Court has

reviewed Ms. Broderick's Complaint.  Having done so, the Court

now sua sponte dismisses Ms. Broderick's First, Second, Fourth,

Fifth, Seventh, Eighth and Ninth causes of action without

prejudice and with leave to replead.  The Court also <u>sua</u> <u>sponte</u> dismisses Ms. Broderick's Tenth Cause of Action, with prejudice.[1]

<u>BACKGROUND</u>

On March 23, 2009, Defendant The Research Foundation of the State University of New York ("the Foundation") hired Ms. Broderick as a Nurse Manager assigned to the Foundation's vascular and plastic surgery clinic.  Compl. ¶ 10.  On May 18, 2009, Ms. Broderick injured her hip but continued working and sought medical treatment.  <u>Id.</u> ¶ 11.  On July 31, 2009, Ms. Broderick reaggravated her injury.  <u>Id.</u> ¶ 12.  On August 2, 2009, she advised the Foundation that "she was temporarily disabled from working."  <u>Id.</u>

On August 5, 2009, she sought medical treatment from Dr. Al Reilly.  <u>Id.</u>  Dr. Reilly provided her with a note asking the Foundation to excuse her from work between August 3 and August 7, 2009.  <u>Id.</u>  In addition, Dr. Reilly contacted the Foundation and asked them to put Ms. Broderick on "light duty." <u>Id.</u> ¶ 13.

The Foundation refused to give Ms. Broderick "light duty."  <u>Id.</u> ¶ 13.  Instead, the Foundation placed her on leave

---

[1] In <u>sua</u> <u>sponte</u> dismissing certain claims, the Court takes no position concerning whether Ms. Broderick's remaining claims are well-pled, or whether Ms. Broderick's dismissed claims might fail on other grounds.  Defendant remains free to file any motion it feels is appropriate.

2

without pay and instructed her to keep it informed regarding her medical status.  <u>Id.</u>

Over the next several days, the Foundation and Ms. Broderick exchanged several messages concerning her condition. On August 13, 2009, Ms. Broderick spoke with Kathy Volpe, the Foundation's Office Manager.  <u>Id.</u> ¶ 16.  Among other things, Ms. Volpe asked Ms. Broderick to provide updated information concerning her medical status.  <u>Id.</u>  Ms. Broderick advised her that she had attempted to get an updated report from Dr. Reilly, and would try again the next day.  <u>Id.</u>  On August 14 and August 17, Ms. Broderick tried, but failed, to reach Dr. Reilly.  <u>Id.</u> ¶¶ 17-18.  On August 18, Dr. Reilly's office told Ms. Broderick that Dr. Reilly could see her on August 19.  <u>Id.</u> ¶ 19.  Ms. Broderick then relayed that information to the Foundation.  <u>Id.</u>

On August 19, Dr. Reilly treated Ms. Broderick.  <u>Id.</u> ¶ 20.  He advised her not to return to work until September 3, and provided her with a letter to give the Foundation.  <u>Id.</u>  Ms. Broderick then faxed the letter to the Foundation which, in turn, contacted Dr. Reilly and asked for more information.  <u>Id.</u>  Dr. Reilly complied.  <u>Id.</u>  He then told the Foundation that, because they rejected Ms. Broderick's light duty request, she should not work until her September 3 reevaluation.  <u>Id.</u>

That same day, the Foundation sent Ms. Broderick a letter terminating her for "unauthorized leave and failure to comply with the Research Foundation's Leave Policy." Id. ¶ 21.

On August 5, Ms. Broderick filed suit, asserting ten causes of action.

## DISCUSSION

I.  The Discrimination and Constitutional Claims

Ms. Broderick's First, Second, Fourth, Fifth, Seventh, Eighth and Ninth claims allege disability discrimination (including failure to reasonably accommodate), under the ADA, the Rehabilitation Act, the NYSHRL, and the NYCRL.

Regardless of the statute sued under, the same standards apply.[2] See Emmons v. City University of New York, __ F. Supp. 2d __, 2010 WL 2246413, at *6 (E.D.N.Y. 2010). Ms. Broderick must show that she is a "qualified individual" with a disability. 42 U.S.C. §§ 12112(a), 12132. To do so, she must plead that: (1) Defendant is subject to the ADA; (2) she is "disabled" within the meaning of the statute; and (3) she was subject to some adverse employment action or denied benefits by

---

[2] Hargrave v. Vermont, 340 F.3d 27, 35 (2d Cir. 2003) (ADA and Rehabilitation Act impose "identical requirements"); Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 184 (2d Cir. 2006) ("same standards" apply to ADA and NYSHRL claims); N.Y. CIV. RIGHTS L. § 40-c (prohibiting discrimination on basis of disability "as such term is defined" in the NYSHRL).

reason of having such disability.  See Emmons, 2010 WL 2246413, at *6 (E.D.N.Y. 2010).

The ADA Amendments Act of 2008 expressly overturned the traditional framework for deciding who is "disabled" under the ADA.  See Pub. L. 110-325, 112 Stat. 3553 (2008).  And neither the Supreme Court nor the Second Circuit has yet had the opportunity to offer district courts guidance in interpreting the Act's newer, broader definitions.  So, in applying the newly amended ADA, the Court is to some extent flying blind. Nevertheless, given the Complaint's sparse pleading, the Court sees no need to engage in deep statutory interpretation or propose new standards to replace those overturned by statute. It is enough to simply apply the newly revised 42 U.S.C. § 12102's plain words, and the typical framework that a Complaint must plead facts, not just conclusory allegations.

To properly plead that she is "disabled," Ms. Broderick must allege that she suffers, or suffered, from an impairment that "substantially limits" one or more "major life activities."  42 U.S.C. § 12102(1)(A).  "Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. at § 12102(2)(A).  They also include "the operation of a

major bodily function." Id. at § 12102(2)(B). Courts should construe the definition of disability "in favor of broad coverage." Id. at § 12102(4). And courts should likewise interpret the term "substantially limits" consistent "with the findings and purposes of the ADA Amendments Act of 2008." Id. at § 12102(5).

Here, notwithstanding the Act's new liberal pleading standards, Ms. Broderick's Complaint still fails to state a claim. Ms. Broderick's makes only a meager, conclusory allegation that she was "disabled" within the meaning of the relevant statutes. Compl. ¶ 25. But, although Ms. Broderick arguably identifies what this alleged "disability" was (an unspecified injury to her hip and lower back), she does not explain what "major life activity" it "substantially limited." Capobianco, 422 F.3d at 57. And without such factual specificity, the Complaint fails to plead that Ms. Broderick was disabled. See Emmons, 2010 WL 2246413, *7-8 (plaintiff failed to plead disability because complaint did not properly "allege any substantial physical limitations").

Ms. Broderick's Constitutional claims suffer from the same defect. Because she has not alleged facts suggesting that she suffers or suffered from a disability, she fails to plead

membership in any class for Equal Protection purpose. Thus, her Equal Protection claims also fail.[3]

The Court recognizes, however, that the Complaint's failure to properly plead Ms. Broderick's disability is potentially curable. Thus, although the Court <u>sua</u> <u>sponte</u> dismisses Ms. Broderick's First, Second, Fourth, Fifth, Seventh, Eighth, and Ninth causes of action, it grants her leave to replead those claims to properly allege a disability within the relevant statute's meaning.[4]

## II.  Ms. Broderick's Tenth Claim

Ms. Broderick's Tenth claim does not allege any cognizable cause of action. Instead, construed liberally, it appears to allege that the Foundation is vicariously liable for the actions of its agents and employees. Compl. ¶¶ 79-84. But vicarious liability is not an independent cause of action, under either federal or state law. It is merely a doctrine that enables, in certain circumstances, "a defendant who played no part in the occurrence causing the plaintiff's injury [to] be held legally responsible for the plaintiff's injury caused by

---

[3] Ms. Broderick does not purport to plead a "class of one" claim.

[4] It is the Court's hope that, by <u>sua</u> <u>sponte</u> dismissing now with leave to replead, the Court will avert costly and unnecessarily motion practice that would waste time and ultimately lead to the same result: a dismissal with leave to replead.

the tort of another person." 14 N.Y. PRAC., TORTS § 9:2. So this claim must be dismissed with prejudice.

CONCLUSION

The Court dismisses Ms. Broderick's First, Second, Fourth, Fifth, Seventh, Eighth and Ninth claims without prejudice, and with leave to replead. The Court also dismisses Ms. Broderick's Tenth claim with prejudice.

Ms. Broderick has thirty (30) days to file an Amended Complaint. If Ms. Broderick fails to file an Amended Complaint within that time frame, this case shall proceed only with respect to Ms. Broderick's Third and Sixth claims.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          August 11, 2010